IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02323-LTB-RTG

JUAN R. RAMIREZ, JR.,

     Applicant,

v.

DERRICK JONES, Warden,

     Respondent.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) filed *pro se* by Applicant Juan Ramirez, Jr. The matter has been referred to this Magistrate Judge for recommendation. (ECF No. 7).

The Court has reviewed the filings to date. The Court has considered the case file and applicable law and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the action be dismissed.

## I.    Background

Applicant is a prisoner in custody of the Federal Bureau of Prisons at the Federal Correctional Institution at Florence, Colorado. He commenced this action on May 26, 2026, by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). He paid the filing fee on June 8, 2026 (ECF No. 4).

On June 15, 2026, the Court issued an Order to File Amended Application (ECF No. 5). Specifically, Applicant was directed to file an amended application that provides a clear statement of the habeas corpus claims he is asserting and that if he wished to assert claims challenging the validity of his conviction, he should file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 in the sentencing court or demonstrate that the remedy is inadequate or ineffective.

Applicant has not filed an amended application within the time allowed. Therefore, the original § 2241 Application is the operative pleading.

The Court must construe the § 2241 Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

According to Applicant, he challenges the "[m]iscalculation of base offence [sic] level" in a case in which he pled "guilty to counts 1-27 to 12 years imprisonment to run concurrent with all other cases of prior convictions." (ECF No. 1 at 2). He claims that "3 points were added for each prior pursuant to U.S.S.G. section 4A1.1(a)," but he "should have only received 2 points pursuant to U.S.S.G. section 4A1.1(b)." (*Id*.). He also claims that "certain prior sentences should not be counted as they were apart of the single sentence rule." (*Id*.). As relief, he seeks "remand . . . back to court for re-sentencing under the correct offense level." (*Id*. at 5).

## II.    Standard of Review

The writ of habeas corpus is available if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A

habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence." *Id*.

III.   **Analysis**

The Court informed Applicant in the order to amend that the § 2241 Application is deficient. Specifically, the Court explained that the purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Here, Applicant's claims attack his sentence itself, not the execution of his sentence.

A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e). While a petition under § 2241 must be filed in the district where the prisoner is confined, a petition

under § 2255 must be filed in the district that imposed the sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Applicant bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). Applicant has not met this burden.

Therefore, I recommend that the § 2241 Application be dismissed.

## III.    Recommendation

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and this action be DISMISSED WITHOUT PREJUDICE for failure to assert a cognizable § 2241 habeas corpus claim.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

DATED July 23, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge